IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ANTHONY SIERRA,

       Plaintiff,

v.   No. 1:24-cv-01215-SCY

STONEY JARAMILLO,
RUBY TENORIO,
GERALD MAESTAS,
MAX SISNEROS,
ADOLFO BACHICHA,
DENNY MONTANO,
RALPH JARAMILLO and
ANTON CHICO LAND GRANT BOARD,

       Defendants.

## ORDER DENYING DISQUALIFICATION MOTION

*Pro se* Plaintiff filed his Complaint against Defendants who are officers of the Anton Chico Land Grant ("Land Grant") on December 2, 2024. Doc. 1. This case was initially assigned to United States Magistrate Judge Kevin R. Sweazea. Doc. 2. On December 17, 2024, Plaintiff filed the present "Motion to Excuse New Mexico Magistrate Judge Kevin R. Sweazea and Request for Out-of-State Federal Judge Assignment due to Systemic Judicial Bia and Violations of Property Rights under the Treat of Guadalupe Hidalgo." Doc. 4. He seeks disqualification of Judge Sweazea and the appointment of "an out-of-state federal judge with no ties to New Mexico's judicial or political establishment." *Id.* at 9.

Plaintiff seeks disqualification pursuant to 28 U.S.C. § 455, which requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned, and 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely
> and sufficient affidavit that the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The Court denies Plaintiff's request to disqualify Judge Sweazea as moot because this case has been reassigned to the undersigned. To the extent Plaintiff is also seeking disqualification of the undersigned and the appointment of an out-of-state United States Judge, the Court likewise denied this request. "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (internal quotation marks and citation omitted).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).

> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
>
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the impartiality of the undersigned or the other United States Judges for the District of New Mexico. Plaintiff's statement that "political interference, judicial misconduct, and systemic corruption in New Mexico's judiciary make impartial adjudication impossible" is not sufficient to warrant disqualification of the undersigned or the other United States Judges for the District of New Mexico. Doc. 4 at 8; *see also Martinez*, 92 F.4th at 1255 ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue"). Furthermore, Plaintiff has not filed an affidavit, as required by 28 U.S.C. § 144, stating the facts and reasons for Plaintiff's belief that any United States Judge for the District of New Mexico has a bias or prejudice against Plaintiff or in favor of any adverse party.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Excuse New Mexico Magistrate Judge Kevin R. Sweazea and Request for Out-of-State Federal Judge Assignment due

to Systemic Judicial Bias and Violations of Property Rights under the Treaty of Guadalupe Hidalgo (Doc. 4) is **DENIED.**

_____
Steven C. Yarbrough
United States Magistrate Judge