IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT ANTHONY SIERRA,

    Plaintiff,

v.                                                                                                                  No. 1:24-cv-01215-JCH-SCY

STONEY JARAMILLO,
RUBY TENORIO,
GERALD MAESTAS,
MAX SISNEROS,
ADOLFO BACHICHA,
DENNY MONTANO,
RALPH JARAMILLO and
ANTON CHICO LAND GRANT BOARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff filed his Complaint against Defendants who are officers of the Anton Chico Land Grant ("Land Grant"). *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 2, 2024 ("Complaint"). Plaintiff states he has begun another lawsuit in state court dealing with the same facts involved in this case and that the state-court case is still pending. *See* Complaint at 4 (referencing case No. D-424-CV-2023-00049, in the Fourth Judicial District Court, State of New Mexico).

    United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

It appears that this case is barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines due to the proceedings in state court. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal

> complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order to Show Cause at 2-3, Doc. 5, filed December 23, 2024. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction and to file an amended complaint. *See* Order to Show Cause at 4 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the January 13, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because: (i) Plaintiff has begun another lawsuit in state court dealing with the same facts involved in this case; (ii) as the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an

adequate showing by the party invoking federal jurisdiction"); (iii) Plaintiff has not shown cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and/or *Rooker-Feldman* due to the proceeding in state court; and (iv) Plaintiff did not file an amended complaint showing that the Court has jurisdiction over this matter.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE